Filed 1/7/14  P. v. Fonesca CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL DAVID FONSECA,<br><br>    Defendant and Appellant. | 2d Crim. No. B246997<br>(Super. Ct. No. 2012034168)<br>(Ventura County) |

Michael David Fonseca appeals from the judgment following his conviction by jury of first degree burglary (Pen. Code, § 459).[1]  The jury further found that an individual other than appellant or an accomplice was present in the residence during commission of the burglary (§ 667.5, subd. (c)(21)), and the trial court found appellant committed the charged offense while on felony probation (§ 1203, subd. (k)).  The court sentenced him to state prison for four years, and ordered him to have no contact with the victims.  Appellant challenges the sufficiency of the evidence to support his conviction, and claims that the court lacked authority to issue the no contact order.  Respondent correctly concedes the latter claim.  We shall modify the judgment accordingly.  In all other respects, we affirm the judgment.

---

[1] All statutory references are to the Penal Code.

*Factual and Procedural Background*

On June 5, 2012, appellant was driving his car in Thousand Oaks, with Luis Navarette riding in the front passenger seat. Navarette noticed a skateboard in an open garage at one residence, and asked if appellant wanted it. Appellant answered, "yeah," made a U-turn, and parked near the residence. Navarette entered the garage and appellant waited in the car. David Nemiroff and his family were inside the residence. Nemiroff stopped Naverette and patted him down. Nemiroff saw appellant and yelled at him. Appellant stepped outside his car briefly. He drove away with Navarette.

DISCUSSION

*Sufficiency of the Evidence*

Appellant contends there is not sufficient evidence to support his burglary conviction. We disagree.

In reviewing the sufficiency of evidence to support a conviction, we examine the entire record and draw all reasonable inferences therefrom in favor of the judgment to determine whether there is reasonable and credible evidence from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Elliott* (2012) 53 Cal.4th 535, 585.) Our review is the same in prosecutions primarily resting upon circumstantial evidence. (*People v. Abilez* (2007) 41 Cal.4th 472, 504.) We do not redetermine the weight of the evidence or the credibility of witnesses. (*Elliott,* at p. 585.) "'Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends.'" (*Ibid.*)

Substantial evidence supports appellant's burglary conviction. An aider and abettor must act with knowledge of the criminal purpose of the perpetrator and with an intent or purpose either of committing, or of encouraging or facilitating commission of, the offense. (*People v. Beeman* (1984) 35 Cal.3d 547, 561.) Appellant claims "the record is devoid of any evidence that [he] assisted, aided, encouraged, . . . or helped Navarette enter the garage for the purpose of theft." The record belies his claim.

2

Appellant drove Navarette to the Nemiroffs' neighborhood. Navarette saw a skateboard in the Nemiroffs' open garage and asked appellant if he wanted it. Appellant said, "yeah," made a U-turn, and parked near the Nemiroffs' residence. Appellant concedes he "stopped his vehicle to allow Navarette to enter the garage." This evidence supports the inference that appellant acted with knowledge of Navarette's purpose and with the intent to facilitate his commission of the burglary.

*No Contact Order*

Upon sentencing appellant to state prison, the trial court ordered that appellant "have no contact with . . . the Nemiroff family." Appellant claims the court erred because it lacked authority to issue the no contact order. Respondent concedes the error, and we agree. (*People v. Ponce* (2009) 173 Cal.App.4th 378, 383-385; *People v. Stone* (2004) 123 Cal.App.4th 153, 159 [protective orders that are not probation conditions cannot exceed pendency of criminal proceedings].)

DISPOSITION

We modify the judgment to strike the no contact order. As modified, the judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

3

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____

Bruce Zucker, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Timothy M. Weiner, Deputy Attorney General, for Plaintiff and Respondent.